## Royal Trust Company v. Gustave A. Overstrom.

### Gen. No. 11,930.

1.  ASSUMPSIT—*when does not lie.*    Assumpsit does not lie to recover the value of personal property in the hands of the defendant as the property of another.

2.  PREPONDERANCE OF EVIDENCE—*when instruction upon subject of, not erroneous.*    The following instruction while held to some extent inaccurate, is yet adjudicated as not constituting reversible error:

" The court instructs the jury that the plaintiff in this case sues in the place and stead, and for the benefit of the American Engineering Works, and in order to recover, he must prove by a preponderance of the evidence an agreement on the part of the defendant to purchase certain shares of stock in the Overstrom Concentrating Co. from the American Engineering Works, or to pay that company for certain stock purchased by it for him.    And if you believe from all the evidence in the case that the defendant did not so agree with the American Engineering Works, then your verdict should be for the defendant.

" The court instructs the jury that if you believe from all the evidence that the evidence is evenly balanced, or preponderates in favor of the defendant, then you should find for the defendant."

Action of assumpsit.    Error to the Circuit Court of Cook County; the Hon. CHARLES M. WALKER. Judge, presiding.    Heard in this court at the October term, 1904.    Affirmed.    Opinion filed May 1, 1905.    Rehearing denied May 15, 1905.

ALDEN, LATHAM & YOUNG, for plaintiff in error.

SCOTT, BANCROFT, LORD & STEPHENS, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

The plaintiff in error, as the trustee in bankruptcy of American Engineering Works, sued the defendant in error in assumpsit in the Circuit Court of Cook County.    The declaration contained the common counts and a special count alleging that the American Engineering Works, at the request of the defendant, purchased for and delivered to the defendant ten shares of stock in the Overstrom Concentrator Company, and the defendant in consideration thereof promised to pay $1,675 to said American Engineering Works.

The defendant pleaded the general issue, filing therewith

an affidavit of a meritorious defense to the whole of plaintiff's demand, and thereafter a plea of set-off, alleging that the American Engineering Works was indebted to the defendant in the sum of $400 for royalties received by said American Engineering Works on patents for concentrating tables owned by defendant and by him authorized to be used by said Engineering Works on the agreement by it that one-half the royalties received by it be paid to defendant.

The cause being submitted to a jury on the issues thus made up, the jury found 'a verdict for the defendant and assessed the defendant's damages on the plea of set-off at $189.97. A motion for a new trial was made by the plaintiff and overruled by the court. Judgment was thereupon entered for the defendant and against the plaintiff upon the verdict, to reverse which judgment a writ of error has been sued out from this court. The errors assigned and argued and therefore to be noticed are that the verdict was contrary to the evidence and that the instruction given by the court to the jury was erroneous.

The testimony was sharply conflicting.

For the plaintiff, the president of the American Engineering Works, Mr. Billin, testified that Mr. Overstrom authorized him to buy stock in the Overstrom Company for any amount up to $200 a share, and that he bought it for the sum sued for and delivered it to Mr. Overstrom. He testified also that he did this for the American Engineering Works, and by implication, at least, that Overstrom knew he was so dealing with the Engineering Works, for Mr. Billin says Overstrom promised "that when he got his dividends from the Overstrom Concentrator Company he would arrange that part of that would be turned back to the American Engineering Works in payment." Mr. Hews, a representative of the plaintiff, testified that Mr. Overstrom told him "the account would be paid in full."

On the other hand, Mr. Overstrom, the defendant, denied making any request of Mr. Billin or the American

Engineering Works to buy stock, denied that he knew the certificates had been bought until Billin informed him, and testified that some of the certificates were given to him by Billin without his asking for them a day or two before the trustee in bankruptcy was appointed for the Engineering Works, and the rest two or three weeks afterward, without any request for or mention of any money, and gave his version of the conversation with Mr. Hews as follows: "At the time I got that statement I spoke with Mr. Hews about settling for that stock. I told Mr. Hews that I would never pay any $165 a share for stock that I could buy for $50 or $60. And then Mr. Hews said, ' Well, won't you give the stock back to us ?' I said, ' Well, you pay what is due me of the foreign business and I will give you the stock.' "

The defendant in error also produced a witness, H. L. Keen, to confirm other portions of his own testimony, not above given, concerning Mr. Billin's objects and proceedings in buying the stock in question, and Keen testified that Mr. Billin told him he had bought the stock to protect his interest in a controversy then arising between the Overstrom Concentrator Company and the American Engineering Works, because the Overstrom Concentrator Company was incorporated under the laws of Montana and a minor stockholder had a large right under such incorporation.

There was no dispute as to the indebtedness from the American Engineering Works to Overstrom. It was admitted in open court that outside of the stock transaction there was $189.87 so due.

It is evident from the above statement, without going further into the details of the testimony, that apart from the alleged error in the instruction, the question in this case is one of fact, depending on the credibility of witnesses. It was, therefore, for the jury, who saw and heard the witnesses—not for us. If the defendant in error and his witnesses are to be believed in preference to the plaintiff in error, then we do not think there was any cause of action made out in behalf of the American Engineering Works or

its trustee, despite the fact urged by plaintiff in error, that Overstrom has in his possession certificates of stock for which he has paid nothing. His testimony, above quoted, concerning his conversation with Mr. Hews, is not sufficient to prove the value of the stock even, but beyond this, evidence of value of the stock would not in this action be sufficient to base a judgment on in favor of the plaintiff.

If the defendant has stock in his hands belonging to somebody else, the law affords a remedy therefor; but it is not the remedy of a suit in assumpsit for money paid for him at his alleged special request. Nor are the other common counts in assumpsit a sufficient basis for such a remedy.

Of course, as we have indicated, the evidence offered in behalf of the plaintiff would have justified the judgment asked in its behalf, but we cannot interfere with the verdict of the jury based upon their apparent belief in an entirely different state of facts.

The instruction complained of is as follows:

" The court instructs the jury that the plaintiff in this case sues in the place and stead, and for the benefit of the American Engineering Works, and in order to recover, he must prove by a preponderance of the evidence an agreement on the part of the defendant to purchase certain shares of stock in the Overstrom Concentrator Co. from the American Engineering Works, or to pay that company for certain stock purchased by it for him. And if you believe from all the evidence in the case that the defendant did not so agree with the American Engineering Works, then your verdict should be for the defendant.

The court instructs the jury that if you believe from all the evidence that the evidence is evenly balanced, or preponderates in favor of the defendant, then you should find for the defendant."

We do not think this instruction erroneous. It might perhaps have been more carefully drawn to avoid any possibility of its proving misleading, but we do not think that in its fair meaning, as it must be supposed it was probably understood by the jury, it declares either that Mr. Billin's agreement on behalf of the company would not bind the company, or that an agreement could not be by the jury

inferred from all the facts and circumstances testified to
surrounding the purchase of the stock and its delivery to
Overstrom, if they thought such facts and circumstances
as they believed took place justified such an inference.
The language of Judge Wall in the City of Champaign v.
Forrester, 29 Ill. App. 120, cited in the brief for defendant
in error, seems very applicable here.   " Possibly the jury,
on a careless reading, might give it the construction con-
tended for; and if defendant was apprehensive that the
jury might so misunderstand, it was its privilege to ask
another instruction, making the point clear."

As we think that there is no reason in the points made
and argued in this court for interfering with this judgment,
we shall affirm it; but we do not wish to be understood to
approve of the *form* of this judgment against a trustee in
bankruptcy on a plea of set-off.   It seems to us irregular.

*Affirmed.*